## WIDNER v. STATE.

SCHOOL LANDS: *Timbers on, cannot be cut by authority of school board.*

The directors of a school district can confer no authority to cut timber on the school lands of their district. And one who cuts such timber and converts it to his own use, under an agreement with the directors to pay them its value, commits a trespass, for which he may be sued by the State.

APPEAL from *St. Francis* Circuit Court.
M. T. SANDERS, Judge.

*Geo. H. Sanders* for appellants.

1. The act of March 17, 1883, is unconstitutional. *Art. 19, sec. 9, Const.* The Legislature could not create the office of State timber inspector, and second, could not impose the duties on the State Land Commissioner.

2. The act was not intended to apply to school lands. The school directors had charge of the school affairs, etc., of the State. *Sec. 6213, Mansf. Dig.* Their authority over the sixteenth section was recognized in *44 Ark., 210.*

The timber inspector has no power under the act to seize the timber as the property of the State after it had been sold by the directors.

*Dan W. Jones,* Attorney-General, for appellee.

1. The act is constitutional.

2. The school lands belong to the State, in trust for the inhabitants of the township. *19 Ark., 318,* and it is made the duty of the timber inspector to sue for all trespasses on State lands.

COCKRILL, C. J. The appellant cut timber on the sixteenth section or school land and converted it to his own use under an agreement with the school directors of the school district in which the land was situated, to pay them the value of it. The State sued him for the trespass and recovered judgment. He has appealed and relies upon the consent obtained from the school directors as a defense to the action.

The statute authorizes the collector of taxes to sell the school lands subject to certain conditions and regulations, but no power in reference thereto has been conferred upon the school boards. It is for the State to determine how and by

whom these lands shall be managed and sold, and until she has conferred the authority upon the school boards, they can confer no right upon any one to cut the timber, or commit any other trespass upon the land.

The legal title to the land is in the State. It is held in trust for the support of schools for the inhabitants of the township in which it is situated. *Mayers v. Byrne, 19 Ark., 308, 318.* The right of the State to sue for the injury is therefore clear (*Dickenson v. Harris, 48 Ark., 355,*) independent of the provisions of the act of March 17, 1883 (*Acts 1883, p. 140*), and the questions mooted by counsel under that act are not presented by the record.

The appellant cannot be regarded otherwise than as a tres-passer and the recovery was right.

Let the judgment be affirmed.